

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

LK:WDS
F.#2011R00515

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

May 2, 2011

By ECF

The Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

       Re:  United States v. Gavriel Bidany
            Magistrate Docket No. 11-259 (JO)

Dear Judge Orenstein:

       The government respectfully submits this letter in advance of the trial in this matter, scheduled to begin May 4, 2011, to advise the Court of the elements of simple assault within the special aircraft jurisdiction of the United States under Title 18, United States Code, Section 113(a)(5), and Title 49, United States Code, Section 46506(1).

       As the Second Circuit recently explained,"Section 113(a)(5) criminalizes '[s]imple assault,' a term grounded in the common law." United States v. Delis, 558 F.3d 177, 180 (2d Cir. 2009) (alteration in original).  After analyzing common law sources, as well as the structure of Section 113(a), the Court concluded that "simple assault, as used in § 113(a)(5), includes completed common-law battery, which [does] not require a specific intent to injure." Id. at 181.  As the Court noted, "[c]ommon-law battery . . . [requires] only a more general intent to commit the unlawful act or, indeed, mere recklessness or criminal negligence." Id. at 180.  In so concluding, the Court cited with approval United States v. Bayes, 210 F.3d 64, 68-69 (1st Cir. 2000) (holding that simple assault includes unwanted sexual touching), and United States v. Williams, 197 F.3d 1091, 1096 (11th Cir. 1999) (same).  As the Bayes Court explained, "offensive touchings (as where a man puts his hands upon a girl's body or kisses a woman against her will) [will] . . . suffice for battery in the absence of a valid justification or excuse."  210 F.3d at 68 (internal quotation marks and alterations omitted); see also id. at 69 (holding that under Section 113(a)(5), "it is sufficient to show that the defendant deliberately touched

another in a patently offensive manner without justification or excuse").

Section 113(a) by its terms applies "within the special maritime . . . jurisdiction of the United States," but Section 46506(1) of Title 49 extends the reach of Section 113 to the "special aircraft jurisdiction of the United States." The "special aircraft jurisdiction" of the United States is defined to include any "aircraft in flight" that is "outside the United States . . . that has its next scheduled destination or last place of departure in the United States, if the aircraft next lands in the United States." 49 U.S.C. 46501(1) & (2)(D)(i).

The government may accordingly satisfy its burden of proof against the defendant in this case by proving that on or about March 27, 2011, while onboard Delta Airlines Flight Number 269, which originated in Tel Aviv, Israel and was bound for and landed at John F. Kennedy International Airport, the defendant intentionally or recklessly engaged in an unwanted offensive touching of another person.

                Respectfully submitted,

                LORETTA E. LYNCH
                United States Attorney

By:          /s/
     David Sarratt
     Assistant U.S. Attorney
     (718) 254-6418

Enclosures

cc:  Counsel
    Clerk of Court (JO)