

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

LK:WDS
F.#2011R00515

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 9, 2011

By ECF

The Honorable Ramon E. Reyes
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

>  Re:  United States v. Gavriel Bidany
>        Magistrate Docket No. 11-259 (RER)

Dear Judge Reyes:

On May 5, 2011, following a bench trial, Your Honor found the defendant Gavriel Bidany guilty of assault, in violation of Title 18, United States Code, Section 113(a)(5), and Title 49, United States Code, Section 46506(1).  The Court found in rendering its verdict that the defendant "unlawfully touched [the victim's] groin and breasts, or breast, on March 27, 2011 on Delta Airlines flight 269 from Tel Aviv, Israel to New York City."  Trial Transcript ("Tr.") at 254:15-17.  The government respectfully submits this letter in advance of sentencing in this case, scheduled for May 12, 2011.

The Evidence At Trial

The evidence at trial established that the defendant was seated next to the victim on an overnight flight from Tel Aviv to John F. Kennedy Airport in New York.  After consistently invading the victim's space, by placing his hand on her chair and by rubbing her leg with his while appearing to be asleep, the defendant made the calculated move to sexually assault the victim while she was sleeping. Tr. 19-25.  The victim awoke to find the defendant reaching underneath her blanket; his hand was touching her groin, using a massaging motion. Tr. 21-22.  The victim jumped, and the defendant quickly pulled his hand back. Id.  The defendant then pretended to go back to sleep. Tr. 22-23.  Only a minute or two later, the defendant again reached his hand underneath the victim's blanket and this time began massaging her breast. Tr. 23-24, 56.  As the victim looked over, she could see the defendant watching her as he grabbed her. Tr. 24-25.  The

victim then reported the incident to a flight crew member. Tr. 26-27. The Court heard testimony from that flight crew member that the victim was "clearly distraught" and upset at that point. Tr. 83:11-20.

### The Section 3553(a) Factors

The Court must consider the factors listed under 18 U.S.C. § 3553(a) in fashioning an appropriate sentence in this case. Those factors strongly support the imposition of a substantial term of imprisonment here. In particular, a substantial sentence of imprisonment would "reflect the seriousness of the offense, . . . promote respect for the law, and . . . provide just punishment for the offense," as well as "afford adequate deterrence" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B) & (C). The defendant's conduct in this case reflected a complete lack of respect for the victim and her personal dignity. The Court should meet that behavior with a clear signal that abusive sexual contact of this kind, particularly when committed against a sleeping victim in the confined space of an airplane, is a very serious matter.

Section 3553(a) also requires the Court to consider the "history and characteristics of the defendant" in imposing sentence. 18 U.S.C. § 3553(a)(1). The defendant here did not simply sexually assault the victim. He also lied about it under oath at trial. In fact, his testimony was evasive and misleading on numerous points, as the Court found. Tr. 255 (finding the defendant's testimony to "not be worthy of belief in light of his inability to provide simple answers to simple questions"); see also, e.g., Tr. 144-45 (on whether the defendant gets paid for his counseling services); 147-48 (on whether the defendant was concerned he might not be readmitted to the United States if convicted); Tr. 149-151 (on whether the defendant asked to be reseated). The defendant's false testimony at trial reflects an egregious lack of respect for the Court and the law. Under these circumstances, a sentence at or near the high end of the six-month maximum would by no means be "greater than necessary" to serve the purposes of punishment set out in Section 3553(a).

### The Sentencing Guidelines

A review of the Sentencing Guidelines for similar conduct confirms this. Although the Guidelines do not apply in this case, see U.S.S.G. § 1B1.9, the Guidelines nonetheless provide a number of relevant benchmarks for fashioning an appropriate sentence for the defendant. Two Guidelines in

particular -- Section 2A2.3, which applies to minor assaults, including the Class A misdemeanor under 18 U.S.C. § 113, and Section 2A3.4, which applies to abusive sexual contact under 18 U.S.C. § 2244(b) -- are instructive here.

First, under Section 2A2.3, the base offense level for a misdemeanor assault is seven where, as here, "the offense involved physical contact."  In addition, based on the Court's finding that the defendant's testimony at trial was "not . . . worthy of belief," Tr. at 255:4-5, a two-level increase for obstruction of justice would apply under Section 3C1.1.[1]  Given the defendant's Criminal History Category of I and an adjusted offense level of nine, the recommended range of imprisonment would be four to ten months.

Second, had the defendant been charged with and convicted of the related felony offense of abusive sexual contact under 18 U.S.C. § 2244(b), the base offense level under Section 2A3.4 would have been 12.  With the two-level enhancement for obstruction of justice, the adjusted offense level would have been 14, which carries a recommended range of imprisonment of 15 to 21 months under Criminal History Category I.  In this regard, it bears emphasis that in moving to dismiss at the close of the government's proof, defense counsel argued that given the wording of the misdemeanor information in this case, the government was obligated to prove "sexual contact" as that term is defined in 18 U.S.C. § 2246(3).  See Tr. 115-116; see also 18 U.S.C. § 2246(3) (defining "sexual contact" to mean "the intentional touching, either directly or through the clothing, of the genitalia . . . groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person").  In denying the defendant's motion, the Court correctly stated that the victim "testified that Rabbi Bidany did this while he was awake, touched her groin and on her breast, moved his hand.  If that testimony is believed, that's sufficient to infer a general intent or specific intent for him to arouse himself, gratify himself, or to humiliate or abuse her, which fits within the definition of 2246 sexual contact."  Tr. 119:10-16.

---

[1] Section 3C1.1 makes clear that the two-level enhancement for obstruction applies when a defendant commits perjury or "provid[es] materially false information to a judge or magistrate judge."  U.S.S.G. § 3C1.1 cmt. 4(B) & (F).  The enhancement would plainly apply here, given the Court's finding beyond a reasonable doubt that the defendant knowingly assaulted the victim in this case, contrary to the defendant's testimony.

The recommended range of imprisonment of 15 to 21 months for a violation of Section 2244 is obviously far beyond the statutory maximum of six months under Section 113(a)(5), and the Court must of course bear in mind that the defendant was convicted under the latter statute. But given the victim's testimony at trial and the Court's findings in denying counsel's motion to dismiss, the recommended penalties under the Guidelines applicable to 18 U.S.C. § 2244 provide the Court with a clear indication of the seriousness of the defendant's conduct.

<u>Conclusion</u>

The government recognizes that imposing a significant term of imprisonment in a misdemeanor case would be unusual. But this is an unusual case. The defendant assaulted the victim at a time when she was defenseless and confined to a small space aboard an aircraft. His conduct over the course of the flight strongly suggests that he plotted how to assault her over a period of time, taking advantage of the fact that she was unlikely to suspect that his initial invasions of her personal space were intentional, given her likely understanding of his religious beliefs. He also chose a victim who, although 23 years old, appeared to be much younger, and who would be unlikely to challenge him. Once she did confront him, he told her what was clearly a pre-planned story to explain his actions, namely, that he was asleep. He displayed a similarly brazen lack of respect for this Court when he gave false testimony at trial.

In short, the Court should hold the defendant accountable for his actions and impose a sentence of imprisonment at or near the allowable six months under Section 113(a)(5).

                                        Respectfully submitted,

                                        LORETTA E. LYNCH
                                        United States Attorney

                            By:          /s/
                                        David Sarratt
                                        Assistant U.S. Attorney
                                        (718) 254-6418

cc:   Counsel
      Clerk of Court (RER)