

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

LK:WDS
F.#2011R00515

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 16, 2011

<u>By ECF</u>

The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:  United States v. Gavriel Bidany
           <u>Criminal Docket No. 11-259 (RER)</u>

Dear Judge Reyes:

      The government respectfully submits this letter in response to the Court's direction at sentencing that the government indicate its position as to whether the defendant's conviction for simple assault under 18 U.S.C. § 113(a)(5) constitutes a "crime of violence" within the meaning of 18 U.S.C. § 16.  As relevant here, Section 16(a) defines the term "crime of violence" to mean "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[1]

      As the government noted in its letter of May 2, 2011, setting forth the elements of the offense, the Second Circuit has construed "simple assault, as used in § 113(a)(5), to encompass completed common-law battery." <u>United States v. Delis</u>, 558 F.3d 177, 183 (2d Cir. 2009).  In so holding, the Second Circuit expressed its agreement with other courts of appeals that have reached the same conclusion, including <u>United States v. Lewellyn</u>, 481 F.3d 695, 697-99 (9th Cir. 2007) (holding that simple assault includes spitting on another); <u>United States v. Whitefeather</u>, 275

---

     [1] The definition of "crime of violence" also includes "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 16(b).  Section 16(b) does not apply here because a violation Section 113(a)(5) is not a felony.

F.3d 741, 742-43 (8th Cir. 2002) (holding that simple assault includes urinating on another); and United States v. Bayes, 210 F.3d 64, 68-69 (1st Cir. 2000) (holding that simple assault includes unwanted sexual touching). Id. As the Delis Court explained, "[a]t common law, the crime of battery consisted of the unlawful application of force to the person of another, including an offensive touching"; under this view, even "the least touching of another's person wilfully, or in anger, is a battery." 558 F.3d at 180 (internal quotation marks and alterations omitted).

       The Supreme Court in United States v. Johnson, 130 S.Ct. 1265, 1270 (2010), however, rejected the government's argument that the element of "force" -- in the sense of a common-law battery -- suffices to constitute a crime that "has as an element the use . . . of physical force against the person of another" under 18 U.S.C. § 924(e)(2)(B)(i), which defines the term "violent felony." In so holding, the Court relied on its decision in Leocal v. Ashcroft, 543 U.S. 1 (2004), interpreting the similar language in Section 16(a). Johnson, 130 S.Ct. at 1271. As the Leocal Court explained, "we cannot forget that we ultimately are determining the meaning of the term 'crime of violence,'"; "[t]he ordinary meaning of this term, combined with § 16's emphasis on the use of physical force against another person . . . suggests a category of violent, active crimes." Leocal, 543 U.S. at 11. Notably, the Johnson Court also cited with approval the Seventh Circuit's decision in Flores v. Ashcroft, 350 F.3d 666, 672 (7th Cir. 2003), which held that an Indiana battery conviction did not constitute a "crime of violence" within the meaning of Section 16(a), given that "Indiana follows the common-law rule under which any contact, however slight, may constitute battery."

2

Because the Second Circuit has followed the same common-law rule in interpreting Section 113(a)(5), the elements of that offense do not appear to meet the definition of "crime of violence" under 18 U.S.C. § 16(a).

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By:       /s/
     David Sarratt
     Assistant U.S. Attorney
     (718) 254-6418

cc:   Counsel
     Clerk of Court (RER) (By ECF)